IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT R. BENNIE, JR., individually, and on behalf of BOB BENNIE WEALTH MANAGEMENT, INC. | ) ) ) ) | Case No. 4:11-cv-03089 |
| Plaintiffs, | ) ) ) | **MOTION FOR LEAVE TO FILE SURREPLY BRIEF** |
| v. | ) ) | |
| JOHN MUNN, in his official and individual capacity, JACK E. HERSTEIN, in his official and individual capacity, RODNEY R. GRIESS, in his official and individual capacity, and JACKIE L. WALTER, in her official and individual capacity. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 7(b) and NE Civ. R. 7.0.1(c), Plaintiff Robert R. Bennie, Jr. ("Bennie"), through his counsel of record, respectfully requests leave to file a Surreply Brief to respond to new materials, including new legal arguments and procedurally improper factual material, asserted for the first time in Defendants' Reply Brief. [Docket # 34] (hereinafter "Reply Brief"). In support of this request, Plaintiff states that the following materials, whether new legal positions or factual assertions, in Defendants' Reply Brief were not included in Defendants' Brief in Support of their Motion to Dismiss [Docket # 24] (hereinafter "Brief in Support"), and accordingly properly require a concise response from the Plaintiff:

     1.     In their Reply Brief Defendants devise an entirely new legal position by claiming the Nebraska Securities Act ("Securities Act") grants them "options" from which they are free to choose which power to exercise in any given situation. In their Brief in Support, Defendants asserted only that they had unfettered discretion under one particular provision of the Securities Act. (Brief in Support at 15) Now, for the first time in their Reply Brief, Defendants contend

that they are free to pick which section of the Securities Act to apply to the situation. (*See* Reply Brief at 15) (stating the Defendants had "two options" to choose from while they completed their investigation of Bennie's situation). Contrary to this new characterization of the Securities Act as a buffet of available regulatory powers from which the Defendants are free to choose on a case-by-case basis, the Securities Act expressly outlines which regulatory powers are available to the Defendants based on whether the individual is applying for a registration, renewing his or her existing registration, or providing notification of transferring his or her association to a new broker-dealer. Because Defendants' legal argument regarding their ability to arbitrarily choose between applying certain provisions of the statute is asserted for the first time in their Reply Brief, Plaintiff requests leave to more fully respond to this argument by filing a Surreply brief.

2. In addition to Defendants' new legal argument regarding their "options" under the Securities Act, Defendants assert factual arguments in their Reply Brief, which are not only new to their Reply Brief, but also inappropriate given the procedural setting of a Motion to Dismiss. Defendants, for the first time, assert that their "conditioning" of Bennie's registration "was much more beneficial to Bennie" and, that "as a practical matter" utilizing the procedure in Section 8-1103(9) "would likely have imposed a much greater hardship on Bennie." (*See* Reply Brief at 16) Later in the Reply Brief, the Defendants assert, again for the first time, that "it would be too disruptive to suspend Bennie's registration." (*Id*. at 19) Each of these factual arguments are merely attempts to justify Defendants' actions and are clearly inappropriate given the Defendants are requesting dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiff requests that he be granted leave to properly respond to these new factual arguments.

3. In support of Defendants' contention that Bennie failed to exhaust available state remedies prior to filing suit, Defendants, for the first time, cite Neb. Rev. Stat. 8-1108.01(5) as an alleged avenue available to Bennie for requesting a hearing. They also refer to a previously

2

uncited Nebraska case that is clearly distinguishable and inapplicable to the case at hand. Accordingly, Bennie requests an opportunity to concisely demonstrate to the Court that Section 8-1108.01(5), as well as the cited case, are inapplicable due to the plain language of the section, an accurate reading of the case, and the failure of the Defendants' to ever provide Bennie notice of the allegations supporting the Orders.

For the foregoing reasons, Plaintiff Bennie requests the Court grant him leave to file a Surreply. Accordingly, attached for the Court's consideration is Plaintiff's Surreply Brief in Opposition to Defendants' Motion to Dismiss.

WHEREFORE, Plaintiff Bennie respectfully requests this Court enter an order granting Plaintiff's Motion for Leave to File a Surreply Brief in Opposition to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 7(b) and NE Civ. R. 7.0.1(c).

Dated this 3rd day of November, 2011.

>Respectfully submitted,
>
>ROBERT R. BENNIE, JR., individually,
>and on behalf of BOB BENNIE WEALTH
>MANAGEMENT, INC., Plaintiffs
>
>By:   */s/ Steve Grasz*
>   Steve Grasz (#19050)
>   David M. Newman (#24549)
>   HUSCH BLACKWELL LLP
>   1620 Dodge Street, Suite 2100
>   Omaha, NE  68102
>   Telephone:  (402) 964-5000
>   Facsimile:  (402) 964-5050
>   steve.grasz@huschblackwell.com
>   david.newman@huschblackwell.com
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2011, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Mark C. Laughlin | mlaughlin@fraserstryker.com |
| Timothy J. Thalken | tthalken@fraserstryker.com |

*/s/ Steve Grasz*

4