IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT R. BENNIE JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN MUNN, in his official and ) <br> individual capacity, JACK E. ) <br> HERSTEIN, in his official and ) <br> individual capacity, RODNEY R. ) <br> GRIESS, in his official and individual ) <br> capacity, and JACKIE L. WALTER, in ) <br> her official and individual capacity, ) <br> ) <br> Defendants. ) | 4:11CV3089 <br><br> MEMORANDUM AND ORDER |

    This matter is before the court on Plaintiff's Motion to Amend his Amended Complaint, (filing no. 47), Defendants' Motion for Protective Order, (filing no. 50), and Defendants' Motion to Compel Issuance of Non-Party Subpoenas, (filing no. 52) . For the reasons set forth below, Plaintiff's motion is granted in part and denied in part and Defendants' motions are granted.

BACKGROUND

    Plaintiff filed his original complaint on June 13, 2011.  Filing No. 1.  Defendants moved to dismiss the complaint on August 19, 2011.  Filing No. 23.  Plaintiff amended his complaint on September 1, 2011.  Filing No. 26.  On January 31, 2011, the Hon. Richard G. Kopf issued a Memorandum and Order  granting in part and denying in part Defendants' motion to dismiss, (filing no. 43).  The court dismissed claims I and IV of the complaint, finding Plaintiff does not have a property right in an unconditional registration as an agent and investment advisor and that Plaintiff did not allege he was deprived of a liberty interest

in pursuing his chosen occupation because Bennie was, in fact, allowed to continue his chosen occupation. Id.

Plaintiff now seeks to amend his complaint in an attempt to cure his previously dismissed procedural due process claims and to assert new claims for alleged violations of substantive due process and intentional interference with contractual relationships. In addition to adding new claims, Plaintiff seeks to amend his first claim based on the Due Process Clause of the Fourteenth Amendment to the United States Constitution by asserting he has been deprived of property interests in his registration and "in advertising his services, in the ability to solicit new clients for those services, and in being registered in other states that utilize the CRD system." See Filing No. 48-1, (Proposed Second Amended Complaint ¶ 138. Likewise, he seeks to amend his fourth claim, which alleged the application of the Nebraska Securities Act violated his substantive due process rights because Plaintiff was deprived "of his ability to advertise his services" and was otherwise deprived of his ability to "solicit new clients." See Filing No. 48-1, (Proposed Second Amended Complaint ¶ 172).

ANALYSIS

### A.  **Motion to Amend**

Fed. R. Civ. P. 15(a)(2) provides that once the time for pleading as a matter of course has expired, amendments to pleadings are allowed only with the written permission of the opposing party or leave of the court.[1] In general, courts are encouraged to allow amendments liberally. See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000). However, the right

---

[1] Plaintiff's deadline for filing the motion to amend its complaint was February 15, 2012. See Filing No. 43, ¶2. Because Plaintiff's motion to amend was filed within the allotted time, the proper standard for evaluating the propriety of the motion is found in Fed. R. Civ. P. 15(a)(2).

to amend a complaint is not without limits. The Eight Circuit Court of Appeals has discussed the circumstances under which an amendment should be denied:

> [A] district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000)(internal citations omitted); see also K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 899 (8th Cir. 2002)(noting futility constitutes a valid reason for denial of leave to amend).

Leave to amend should be denied as futile "where the proposed amendment would not cure the defect the party sought to correct." Asbury Square, L.L.C. v. Amoco Oil Co., 218 F.R.D. 183, 195 (S.D. Iowa 2003); see also Mississippi River Revival, Inc. v. City of Minneapolis, 319 F.3d 1013, 1018 (8th Cir. 2003); K-tel, Int'l, Inc., 300 F.3d at 899; Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002); Ingrim v. State Farm Fire & Cas. Co., 249 F.3d 743, 745-46 (8th Cir. 2001). That is, "a court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal." Asbury Square, L.L.C., 218 F.R.D. at 195 (citing Mississippi River Revival, Inc., 319 F.3d at 1018).

   1.  **Amendments to previously dismissed claims**.

Plaintiff seeks to cure defects in his previously dismissed claims which were based on a violation of his right to procedural due process (Claims I and IV). Judge Kopf held that Plaintiff did not have a property interest in an unrestricted registration – i.e., a registration free from the licensing agency's regulation – or a liberty interest in sustaining or growing his

business. Filing No. 37, p. 12. In an effort to cure the defects, Plaintiff has specifically alleged that Defendants have deprived him of his interest in "advertising his services" and "his registration in other states."

Plaintiff's proposed amendments to his procedural due process do not cure the defects identified in Judge Kopf's Memorandum and Order. Judge Kopf expressly held that "[t]he Fourteenth Amendment does not secure the right to 'sustain' and 'grow' one's business . . . ." Filing No. 37, p. 12. Thus, under the law of the case, Plaintiff's proposed amendments regarding his interest in advertising his services and soliciting new clients add nothing to the complaint, would not survive a motion to dismiss, and are futile.[2]

Bennie also cannot point to any constitutional deprivation of procedural due process when third-parties, including other states, draw adverse inferences from an ongoing investigation in the state of Nebraska. See, e.g., Neal v. Fields, 429 F.3d 1165, 1167 (8th Cir. 2005) (plaintiff made no showing "adverse inferences third parties draw from . . . on-going regulatory actions . . . gives rise to a federal constitutional right to an immediate due process hearing). Thus, to the extent Bennie is attempting to revive counts I and IV based on any impact the Nebraska investigation may have had on his registration in other states, the proposed amendment would not survive a motion to dismiss and is futile.

### 2. Amendments asserting new claims.

Plaintiff seeks to assert two new claims: 1) Count V for an alleged violation of substantive due process and 2) Count VI for Defendants' alleged interference with a business relationship or expectancy.

---

[2] Plaintiff's proposed second amended complaint also reasserts the claims previously dismissed in this case. Plaintiff's attempt to re-plead identical claims is the very definition of "futile" for the purposes of evaluating whether an amendment is proper.

4

### a. Substantive Due Process

Plaintiff's substantive due process claims must tend to show "a constitutionally protected property interest and that [government] officials used their power in such an arbitrary and oppressive way that it shocks the conscience." Gallagher v. Magner, 619 F.3d 823, 840 (8th Cir. 2010). Plaintiff alleges he has a protected property interest in his registration, his ability to advertise, and to solicit new clients. Filing No. 56, § II(A). However, this court has already determined that Bennie does not have a property interest in his registration or his ability to advertise or solicit new clients. Further, as Judge Kopf held, even if Bennie does have property interest in his registration, that interest was not denied by the state. To the contrary, Bennie's registration was approved "subject to certain conditions – conditions which allowed Bennie to continue serving his existing clients." Filing No. 37, p.10.

Accordingly, since this court has already found that Bennie either had no property interest, or that his interest was not deprived, any such amendment seeking to add a substantive due process claim that reasserts Bennie's property rights argument would be futile.

### b. Interference with Business Relationship or Expectancy

Plaintiff seeks to assert a claim that Defendants intentionally interfered with Bennie's relationship with his clients. He further alleges the individual defendants were acting outside of "their scope of employment or office" when they took actions that directly impacted Bennie's relationships with his clients. Defendants argue that the actions of which Bennie complains took place within the scope of Defendants' official duties and therefore, the claim of interference is barred by the doctrine of sovereign immunity.

5

Examining the allegations in the light most favorable to Plaintiff, the court cannot say at this stage in the proceeding that the additional claim "will result in undue delay, bad faith or dilatory motive on the part of the movant," represents a "repeated failure to cure deficiencies by amendments previously allowed," will cause "undue prejudice" to the defendants, or is futile. Dennis, 207 F.3d at 525. This is a new claim, and based on the allegations of record, the court cannot determine that the intentional interference claim would ultimately be dismissed on defendants' motion. Further, the court finds no evidence of bad faith or that undue delay will result if the motion is granted with respect to this claim. Accordingly, Plaintiff's motion to amend will be granted with respect to the claim for interference with Plaintiff's business relationships or expectancy.

B.   **Motion for Protective Order**.

Defendants have filed a motion for protective order (filing no. 50) seeking terms that permit counsel for the Nebraska Department of Banking and Finance ("Department") to access confidential documents in this case. Plaintiff agrees a protective order is necessary, but desires to prohibit the Department's in-house counsel from accessing confidential documents provided to Defendants during discovery.

Plaintiff's primary concern is that Defendants will abuse confidential information to harm his business. Filing No. 58, pp. 1-2. Bennie further asserts that because the Department is not a party to the suit and its attorneys are not counsel of record in this case, the Department's in-house counsel should not have access to the confidential information. Neither of these arguments are particularly persuasive.

Defendants have been named parties to this suit both individually and in their official capacities. Filing No. 26. Defendants correctly argue that a lawsuit against an government employee in his or her official capacity is "tantamount to an action directly against the public

6

entity of which the official is an agent." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987). Thus, the government agency is the "real party in interest." Id. Accordingly, the court can see no reason why attorneys working for the Department should be precluded from reviewing any produced documents in this case.

Further, this court has broad authority to sanction abuses of the discovery process. The court deems any abuse of discovery, particularly the misuse of confidential information, to be a very serious matter. If Plaintiff has evidence that any individual privy to the confidential information misuses that information, the Plaintiff may bring the appropriate motion for sanctions.

Accordingly, Defendants' motion for a protective order is granted. Confidential information gained through the discovery process may be provided to counsel for the Department, subject to the protective order.

**C.    Motion to issue subpoena.**

Defendants have moved for the issuance of non-party subpoenas, (filing no. 52), to be served on Prospera Financial and LPL Financial. Plaintiff does not oppose the issuance of the subpoenas, but seeks to limit information requested in the subpoenas based on relevance grounds. For the purposes of discovery, relevance is a very broad concept. "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action". Gladfelter v. Wal-Mart Stores, Inc, 162 F.R.D. 589, 590 (D. Neb. 1995).

7

1.      **Prospera Subpoena**

Defendants seek information from Prospera regarding customer complaints against Bennie from November 23, 2010 through the present. Defendants argue that the information is relevant because Bennie is seeking damages for clients he allegedly lost due to Defendants' actions. Defendants are requesting information regarding customer complaints to determine if any of the clients Bennie lost were due to their dissatisfaction with Bennie. Bennie argues the information related to customers who left him is not relevant.

Based on the liberal definition of relevance applied during the discovery process, the court finds the information sought from Prospera is relevant. Bennie is alleging significant damages due to lost customers. Defendants should have to opportunity to explore the reasons why the customers left Bennie.

2.      **LPL Financial Subpoena**

Defendants have requested copies of all documents from LPL relating to customer complaints from January 1, 2005 to November 2, 2010. Bennie argues "the time period is over-broad, arbitrary, and not likely to lead to the discovery of admissible evidence." Filing No. 58, p. 5. Bennie argues the request should be limited to the 2010 calendar year.

Bennie has asserted his relationship with LPL ended because Defendants were allegedly harassing him. Defendants have a right to explore whether other causes for the end of the business relationship exists, specifically whether Bennie was subject to customer complaints. Thus, the information sought is relevant. Plaintiff's conclusory statements that the request is "over-broad" and "arbitrary" are unsupported and do not convince the court the issuance of the subpoena to LPL Financial, as presented by Defendants, is inappropriate.

8

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to amend the amended complaint, (filing no. 48), is granted in part and denied in part. Plaintiff may add his claim for Interference with Business Relationship or Expectancy. The motion is denied in all other respects. Plaintiff shall file his second amend complaint, consistent with this Memorandum and Order, by May 11, 2012.

2) Defendants' motion for a protective order, (filing no. 50), is granted. The parties shall confer and file a stipulated protective order, consistent with the terms of this Memorandum and Order, by May 11, 2012.

3) Defendants' motion to compel the issuance of non-party subpoenas, (filing no. 52), is granted. Defendants are authorized to issue the proposed subpoenas to Prospera Financial Services and LPL Financial.

May 3, 2012.   BY THE COURT:
   *s/ Cheryl R. Zwart*
   United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.