IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT R. BENNIE JR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN MUNN, in his official and individual capacity; JACK E. HERSTEIN, in his official and individual capacity; RODNEY R. GRIESS, in his official and individual capacity; and JACKIE L. WALTER, in her official and individual capacity; <br><br> Defendants. | 4:11CV3089 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on Defendants' motion to compel, (filing no. 79). The parties advised the undersigned that a majority of the issues raised in the motion to compel have been resolved. However, Defendants' requested the court conduct an in camera review of a document Plaintiff withheld on the grounds of attorney-client privilege.

The Plaintiff submitted the document and the court has now completed its in camera review of the submitted document. The communication is between one of Bennie's attorneys and Dan Parsons, who provides public relations advice to Bennie. Bennie also asserts Parsons is an agent of his attorney and the communication involves research related to the case and conducted in anticipation of litigation.

The Eighth Circuit has essentially adopted Supreme Court Standard 503 in defining the attorney-client privilege as it exists in federal court. In re Bieter Co., 16 F.3d 929, 935 (8th Cir. 1994).

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and his lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

Id. (citing Supreme Court Standard 503(b)). The party seeking to avoid production of the communications has the burden to prove the documents qualify for the protection. Hollins v. Powell, 773 F.2d 191, 196 (8th Cir. 1985).

Here Bennie asserts Parsons was an agent or representative of his attorney and the communication was for the purposes of facilitating the rendition of legal advice. A review of the communication indicates that Bennie asked Parsons to make a factual investigation that could have some impact on Bennie's trial strategy. At least for the purposes of this task, Parsons was acting on behalf of Bennie's attorney and was attempting to provide Bennie's attorney with information to assist him with rendering legal services to Bennie. Accordingly, the communication in question is privileged[1] and shall not be produced.

IT IS ORDERED that the defendant's motion to compel is denied as follows:

1) As to defendant's request for a copy of the Plaintiff's expert report regarding plaintiff's alleged damages which Plaintiff produced to LPL Financial in an arbitration currently pending before FINRA, the motion is denied as moot.

2) As to defendant's request for a copy of Plaintiff's discovery answers which Plaintiff served in the LPL arbitration currently pending before FINRA, the motion is denied as moot.

3) For the reasons set forth in this memorandum and order, as to defendant's request for a copy of the document bates labeled Bennie01450, the defendant's motion to compel is denied.

September 26, 2012                BY THE COURT:

                                  *s/ Cheryl R. Zwart*
                                  United States Magistrate Judge

---

[1] The communication in question also involves mental impressions and legal theories of Bennie's attorney and qualifies for protection under the work product doctrine. See, e.g., In re Grand Jury Proceedings, G.S., F.S., 609 F.3d 909, 913 (discussing the basic protections of an attorney's mental impressions and legal theories under the work product doctrine).

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.