IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT R. BENNIE, JR.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JOHN MUNN, in his official and individual capacity; JACK E. HERSTEIN, in his official and individual capacity; RODNEY R. GRIESS, in his official and individual capacity; and JACKIE L. WALTER, in her official and individual capacity;<br><br>        Defendants. | 4:11CV3089<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on the plaintiff's motion to compel, (Filing No. 116), and motion for a hearing regarding its motion to compel, (Filing No. 124). For the reasons set forth below the motions will be denied.

  Plaintiff Robert R. Bennie ("Bennie") is a registered broker-agent and investment advisor in the financial industry and was previously associated with LPL, Financial, LLC ("LPL") from March 1997 until LPL terminated the association on November 2, 2012. Bennie brought a Financial Industry Regulatory Authority ("FINRA") arbitration against LPL related to the termination of his association with LPL. During the arbitration, LPL produced over 900 documents and three separate privilege logs. The arbitration concluded in September of 2012.

  Bennie filed suit against the defendants in this case alleging their actions in conducting investigations for the Nebraska Department of Banking and Finance violated Bennie's constitutional rights in several respects. As a part of this suit, Plaintiff has served three separate third-party subpoenas upon LPL. The first subpoena was issued on March 28, 2012. LPL responded with a letter to Bennie's counsel raising several objections to the subpoena and noting the subpoena did not provide LPL sufficient time

to review the requested documents for attorney/client privilege. (Filing No. 118-1). Counsel for LPL and Bennie's counsel discussed the objections in May of 2012. Later that month, LPL produced numerous documents as well as the three privilege logs it produced in the arbitration between Bennie and LPL. (Filing No. 122-3). Bennie issued two more third-party subpoenas in February of 2013. LPL again timely objected and expressly stated it was objecting, in part, based on the attorney/client privilege. (Filing No. 118-1, at CM/ECF p. 214).

Plaintiff filed a motion to compel seeking full compliance with all of the issued subpoenas. In response to the subpoenas, the subsequent motion to compel, and the directive of this court for the parties to diligently work to narrow the unresolved issues related to the contested subpoenas, LPL produced several thousand documents it believed to be responsive, but maintains its objection to producing several hundred other documents based upon its previously stated objections including attorney/client privilege, work product protection, and that the requests are overly broad. This court ordered LPL to provide a privilege log and submit the documents in question under seal for an in camera review to help bring resolution to this matter.

ANALYSIS

Having completed its in camera review of the documents the court finds that the documents in question are not subject to production.

Overly Broad and Relevance

"Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action." McGowan v. General Dynamics, Corp., 794 F.2d 361, 363 (8th Cir. 1986). However, the district court may

limit discovery, particularly where it deems requests are excessively broad and call for the production of irrelevant information.  Id.

The court agrees with LPL that the requested categories of documents are overly broad and call for the production of documents not relevant to this case.  To the extent Bennie requests all documents between LPL officials, agents and employees between January 1, 2009 and March, 2012 regarding the plaintiff, the request calls for a number of documents that are simply not relevant to the present law suit.  The court's review of the privilege log revealed a number of documents that are responsive to the requests as they appear in the subpoenas, but are not reasonably calculated to lead to the discovery of evidence supporting Bennie's claims against the defendants in this case.  See generally WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011).  For instance, none of the LPL internal communications addressing Bennie's termination, the requests for information by the Nebraska Department of Banking and Finance, or regarding the third party lawsuit against LPL address Bennie's advertisements, political speech, or the investigation performed by the defendants. These documents are not relevant and need not be produced.

Attorney/Client Privilege

Additionally, LPL's internal communications identified on the privilege logs are protected by the attorney/client privilege.  Bennie argues that LPL has waived any objections based on attorney/client privilege.  Fed. R. Civ. P. 45(c)(2)(B) provides that a person commanded to produce documents may object to the request in writing before the earlier of the date "the time specified for compliance or 14 days after the subpoena is served."  Generally all objections must be made at once to prevent discovery from becoming a "game."   In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998). Failure to timely object may result in a waiver of objections, including those based on

3

attorney/client privilege.  Id.  However, waiver of objections will not necessarily result when:

> (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena.

McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (S.D. Ind. 2002) (citations omitted).

As expressed in In re DG Acquisition Corp., the purpose of the objection requirement in Rule 45 is to make sure the subpoenaed party does not attempt to delay or otherwise "game" the discovery process.  Although LPL did not list the attorney/client privilege as an itemized objection to the March 2012 subpoena, LPL did expressly indicate that it would need to review the requested documents for attorney/client privilege.  Bennie was thereby notified that LPL may be claiming at least some of the potentially responsive documents were privileged.  Bennie cannot legitimately claim he was unaware LPL was objecting to the subpoenas, in part, based on the attorney/client privilege.  LPL did not waive its right to object to discovery based on the attorney/client privilege.[1]

Having found LPL did not waive its attorney/client privilege objection, the court reviewed the documents identified.  The listed documents are privileged.  Each of the communications involves correspondence between an employee of LPL and an LPL in-

---

[1] Even if LPL had not timely raised the attorney/client privilege objection, it is a third-party and communicated with Bennie's counsel in good faith in the face of excessively broad discovery requests.  Under such circumstances,  LPL likely did not waive its right to object to the requests based on attorney/client privilege.

house counsel (or a representative of in-house counsel such as a paralegal or secretary) and are communications requesting or providing legal advice. Such communications are protected by the attorney/client privilege and are not discoverable. See PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnerships, 187 F.3d 988 (8th Cir. 1999).

Finally, Bennie asserts that LPL cannot claim the attorney/client privilege for certain documents because Bennie and LPL were jointly represented by in-house counsel in defending a suit filed by third-parties and customer complaints. The court need not make a specific finding that the Bennie and LPL were jointly represented because even if they were, the shared privilege goes no further than the subject of the joint representation – customer complaints and third-party suits. To the extent the privilege log contains communications regarding customer complaints and the law suit and subsequent arbitration filed by former clients of Bennie's, those communications are not relevant to this case.

Work Product

The documents relating to Bennie's termination also include hand written notes by Brad Jacobs, LPL's associate in-house counsel. LPL asserts work product protection for these notes. Bennie argues that these documents are not eligible for work product protection because they were not prepared in anticipation of litigation. The notes appear to have been produced by Jacobs regarding an alleged threat of litigation Bennie made upon the termination of his association with LPL. Accordingly, they were prepared in anticipation of litigation and are subject to both ordinary work product protection and opinion work product because the notes contain Jacobs' mental impressions. See Baker v. General Motors Corp., 209 F.3d 1051, 1054-55 (8th Cir. 2000). Moreover, the contents of the notes are not relevant to this case, as they make no mention of his advertising practices, his political speech, or the defendant's investigation of Bennie.

5

IT IS ORDERED:

1) Plaintiff's motion to compel, (Filing No. 116), is denied except to the extent LPL's privilege log contains correspondence between LPL and the defendants. Any emails or letters actually exchanged between LPL and the defendants shall be produced unless LPL has already produced those documents.

2) Plaintiff's motion for a hearing on the motion to compel, (Filing No. 124), is denied.

3) Plaintiff's motion to restrict, (Filing No. 114), is granted.

4) A telephonic conference before the undersigned magistrate judge will be held on July 23, 2013 at 9:00 a.m. to discuss the further progression of this case. Counsel for plaintiff shall place the call.

Dated this 16th day of July, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge