IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT R. BENNIE JR., | ) |
| | ) |
| Plaintiff, | ) 4:11CV3089 |
| | ) |
| v. | ) |
| | ) |
| JOHN MUNN, in his official and | ) **MEMORANDUM** |
| individual capacity, JACK E. | ) **AND ORDER** |
| HERSTEIN, in his official and | ) |
| individual capacity, RODNEY R. | ) |
| GRIESS, in his official and individual | ) |
| capacity, and JACKIE L. WALTER, | ) |
| in her official and individual capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on Plaintiff's Statement of Objections to Magistrate Judge's Order (filing 133). At issue is Magistrate Judge Zwart's July 16, 2013, order denying Plaintiff's motion to compel discovery from a non-party, LPL Financial, LLC ("LPL"), an entity with which Plaintiff was previously associated and then terminated. Because I find after careful review that the order is not "clearly erroneous or contrary to law," see 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), the Statement of Objections will be denied.

Plaintiff is a registered broker dealer agent and investment advisor representative who engaged in arbitration with LPL after LPL terminated Plaintiff's association with it. During the course of the arbitration, which ended in September 2012, LPL produced over 900 documents and three privilege logs. (Filing 118-1 at CM/ECF pp. 12-207, 216-224.)

Plaintiff filed a complaint in this court in June 2011 against several State of Nebraska employees, alleging that their suspension of Plaintiff's professional

registration and their investigation into his television advertisements and mailings based on Plaintiff's political speech and political views violated his constitutional rights. As part of this lawsuit, Plaintiff served three separate third-party subpoenas upon LPL, one in March 2012 and two more in February 2013. (Filing 118-1 at CM/ECF pp. 5, 208-211.) LPL responded to these subpoenas in two different letters, stating that the subpoenas did not provide LPL sufficient time "to locate the requested documents and to review them for responsiveness and attorney-client privilege protection" and that LPL objected to the subpoenas "to the extent they seek documents which are protected by the attorney-client privilege and/or the attorney work product doctrine." (Filing 118-1 at CM/ECF pp. 10-11, 212-215.)

While LPL has produced "several thousand documents it believed to be responsive," (Filing 131, Mag. J. Zwart's Mem. & Order at CM/ECF p. 2), LPL still objects to producing several hundred other documents based upon previously stated objections including attorney-client privilege, work product protection, and overly broad requests. Pursuant to Magistrate Judge Zwart's order, LPL provided a privilege log and submitted the documents in question under seal for an *in camera* review. After her review, Magistrate Judge Zwart found the documents in question were not subject to production because: (1) Plaintiff's request for all documents between LPL officials, agents, and employees regarding Plaintiff between January 1, 2009, to March 2012 involves several documents that are irrelevant and not reasonably calculated to lead to the discovery of evidence supporting Plaintiff's claims against the defendants in *this case*, such as Bennie's advertisements, political speech, or the investigation performed by the defendants; (2) LPL's internal communications identified on the privilege logs are protected by the attorney-client privilege because correspondence between LPL employees and LPL's in-house counsel's office are communications requesting or providing legal advice, and LPL did not waive the privilege because it expressly mentioned the privilege in its letters objecting to the subpoenas; and (3) hand-written notes by LPL's associate in-house counsel regarding Plaintiff's alleged threat of litigation upon the termination of his association with LPL are protected as ordinary work product and opinion work product because the notes contain counsel's

mental impressions and, in any event, the contents of the notes are irrelevant to this case.

Magistrate Judge Zwart then denied the motion to compel (Filing 116) except as to "correspondence between LPL and the defendants. Any emails or letters actually exchanged between LPL and the defendants shall be produced unless LPL has already produced those documents." (Filing 131 at CM/ECF p. 6.) Plaintiff has objected to Magistrate Judge Zwart's order, arguing that the order ignores Fed. R. Civ. P. 45, which requires an express objection for claims of attorney-client privilege, and that the order applies an "excessively limited scope of relevancy," particularly with regard to LPL internal documents addressing Plaintiff's termination and a third-party lawsuit against Plaintiff and LPL. (Filing 133.)

"In discovery matters, the magistrate judge is afforded great deference," *Hajek v. Kumho Tire Co., Inc.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010) (citing *Pflum v. United States*, 212 F.R.D. 580, 582 (D. Kan. 2003)), and I may reverse a Magistrate Judge's decision only when clearly erroneous or contrary to law. "Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court is left with the definite and firm conviction that a mistake has been committed." *Brooks v. Lincoln Nat'l Life Ins. Co.*, No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. Aug. 25, 2006) (internal quotation omitted). "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law." *Id.*

Judge Zwart's analysis, incorporating her *in camera* review of the documents in question, is sound, thorough, and correctly applies relevant law. Specifically, the Magistrate Judge was correct in concluding that Plaintiff's overly broad request for all documents of Plaintiff's former employer referencing Plaintiff and spanning a

three-year period[1] ending well over a year after LPL terminated its association with Plaintiff encompasses documents that are irrelevant to this case. Plaintiff's request was not targeted in any way; that is, it was not tailored to obtain documents referencing Plaintiff specific to the issues in this action, and the request seeks documents for a time period after the alleged events giving rise to Plaintiff's claims against the defendants occurred.[2] "While the standard of relevance in the context of discovery is broader than in the context of admissibility . . . , this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hajek v. Kumho Tire Co.,* 2010 WL 1292447, at *2 (internal citations omitted) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

Further, I cannot conclude that Magistrate Judge Zwart was clearly erroneous when she decided that LPL did not waive its right to assert the attorney-client privilege because both of LPL's objection letters "expressly" mentioned the "attorney-client privilege" (Filing 118-1 at CM/ECF pp. 10-11, 212-215) and its possible applicability to the information sought. Fed. R. Civ. P. 45(e)(2)(A)(i). I have not located, nor has Plaintiff cited, a case from the Eighth Circuit Court of Appeals mandating a finding that the attorney-client privilege has been waived under

---

[1] See Filing 68, Amended Complaint ¶ 99; Filing 89, Answer ¶ 24 (Plaintiff was associated with LPL until November 2, 2010); Filing 118-1 at CM/ECF p. 6 (motion to compel dated March 28, 2012, requesting production of "[a]ll documents evidencing communications" between LPL officials, agents, and employees "regarding [plaintiff] Robert R. Bennie, Jr. between January 1, 2009 and the present [March 28, 2012]."

[2] Plaintiff's claims in the Second Amended Complaint revolve around the defendants' inquiries into his advertising practices between November 2009 and March 2010 and the issuance of two orders dated December 17, 2010, and February 17, 2011, placing restrictions on Plaintiff's registration following his November 2, 2010, termination from LPL. (Filing 68 at CM/ECF pp. 8-18, 22-24.) It is not clear how LPL's internal privileged communications concerning Plaintiff occurring *after* the defendants issued its orders restricting Plaintiff's registration have any bearing on Plaintiff's claims against the defendants in this case.

circumstances where a subpoenaed party has put the subpoenaing party on notice of its intent to assert the privilege through a timely served Fed. R. Civ. P. 45 objection letter. Therefore, I cannot conclude that the Magistrate Judge has failed to apply the relevant law with regard to waiver of the attorney-client privilege.

Finally, it was not clearly erroneous or contrary to law for the Magistrate Judge to decide that communications on the privilege logs regarding customer complaints against Plaintiff and the lawsuit filed against Plaintiff and his former clients are irrelevant to the claims in this case, which revolve around the constitutionality of state agents' inquiries into Plaintiff's advertising practices and their issuance of two orders placing restrictions on Plaintiff's professional registration, thereby damaging Plaintiff's ability to practice his chosen profession. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Statement of Objections to Magistrate Judge's Order (Filing 133) is denied; and

2. The Magistrate Judge's Memorandum and Order (Filing 131) entered on July 16, 2013, denying Plaintiff's Motion to Compel (Filing 116) is sustained and shall not be disturbed.

DATED this 4th day of September, 2013.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.