IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT R. BENNIE JR., individually and on behalf of Bob Bennie Wealth Management, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JOHN MUNN, in his official and individual capacity, JACK E. HERSTEIN, in his official and individual capacity, RODNEY R. GRIESS, in his official and individual capacity, and JACKIE L. WALTER, in her official and individual capacity, <br><br> Defendants. | 4:11CV3089 <br><br> **MEMORANDUM AND ORDER** |

Pending before the court are Defendants' Motion for Summary Judgment (Filing 154); Defendants' Motion to Seal Pursuant to Protective Order (Filing 158); Plaintiff's Motion to Seal Pursuant to Protective Order (Filing 162); and Plaintiff's Motion to Strike Brief (Filing 167).

## Motion for Summary Judgment

Defendants move for summary judgment on the grounds that each defendant in their individual capacity is entitled to qualified immunity; Defendants took no adverse action against Plaintiff in retaliation for his exercise of his First Amendment rights; none of Defendants' actions would chill a person of ordinary firmness from exercising his or her First Amendment rights; a retaliatory motive was not a

substantial factor in Defendants' actions; and Defendants would have taken the same actions regardless of Plaintiff engaging in protected activity. (Filing 154.)

With regard to the portion of Defendants' Motion for Summary Judgment based on qualified immunity, I note that after the parties filed their summary-judgment materials, the Order on Final Pretrial Conference (Filing 173) was filed, which stated: "Because plaintiff's only remaining claims are for declaratory and injunctive relief, plaintiff's claims against the defendants are official capacity claims. All individual capacity claims against all defendants have been abandoned by the plaintiff and are dismissed with prejudice." (Filing 173 at CM/ECF p. 3.) Because "[q]ualified immunity only applies to claims against public officials in their individual capacities," *Serna v. Goodno*, 567 F.3d 944, 952 (2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985)), and because Plaintiff has abandoned all individual-capacity claims, the portion of the Motion for Summary Judgment based on qualified immunity shall be denied as moot.

As to the remainder of the Motion for Summary Judgment, suffice it to state that in the parties' almost 3,000 pages of summary-judgment materials (Filings 154, 155, 156, 157, 159, 160, 161, 163, 164, 166, 171), there are genuine issues of material fact precluding the entry of summary judgment regarding the nature of Defendants' actions taken against Plaintiff and the motivating factor behind those actions, as well as credibility issues. Therefore, the remainder of Defendants' Motion for Summary Judgment (Filing 154) shall be denied as well.

## Other Motions

Defendants' Motion to Seal Pursuant to Protective Order (Filing 158), Plaintiff's Motion to Seal Pursuant to Protective Order (Filing 162), and Plaintiff's Motion to Strike Brief (Filing 167) are all unopposed and shall be granted.

IT IS ORDERED:

1. All individual-capacity claims against all defendants are dismissed with prejudice, as Plaintiff has abandoned such claims.

2. From this date forward, the case caption shall reflect that all defendants are sued in their official capacities only.

3. Paragraphs (C) 2-5 of the Order on Final Pretrial Conference (Filing 173 at CM/ECF p. 3), which lists as a controverted issue whether Defendants are entitled to qualified immunity, shall no longer be considered a "controverted and unresolved issue" for resolution at the non-jury trial in this matter.

4. Defendants' Motion for Summary Judgment (Filing 154) based on qualified immunity is denied as moot, and the remainder of the motion is denied due to genuine issues of material fact precluding the entry of summary judgment.

5. The unopposed Plaintiff's Motion to Seal Pursuant to Protective Order (Filing 162) is granted, and the Clerk of Court shall seal Exhibits 158, 159, 160, 161, 172, 173, 174, 175, 177, and 178 to Plaintiff's Index of Evidence (Filings 163 & 164) in opposition to Defendants' Motion for Summary Judgment.

6. The unopposed Defendants' Motion to Seal Pursuant to Protective Order (Filing 158) is granted, and the Clerk of Court shall seal Exhibits 15, 17, 41, 55, 56, 57, 58, and 59 to Defendants' Index of Evidence (Filing 159) in Support of Defendants' Motion for Summary Judgment.

7. The unopposed Plaintiff's Motion to Strike Brief (Filing 167) is granted, and Plaintiff's first-filed Brief in Opposition to Defendants' Motion for Summary Judgment (Filing 165) shall be stricken.

DATED this 4th day of February, 2014.

>BY THE COURT:
>*Richard G. Kopf*
>Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.